FILED
2015 Sep-03  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **DEMANDA HARDY, JAMAL CLARK, AND RICKEY GREEN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | _____ |
| **MID-SOUTH BELLS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Demanda Hardy, Jamal Clark, and Ricky Green, the Plaintiffs in this action, state as follows regarding their claims against Mid-South Bells, LLC for wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiffs contend that the Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq,* and in support thereof, hereby allege as follows:

### INTRODUCTION

1.     The Plaintiffs, based on information and belief, bring this action under the FLSA against Mid-South Bells, LLC for conduct taking place at a Taco Bell restaurant in Madison County, Alabama, owned and operated by Mid-South Bells, LLC, and for relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief,

and/or any such other relief the Court may deem appropriate.

2.      The Defendant denied Plaintiffs compensation, including overtime pay, by permitting and/or requiring said Plaintiffs, who were and are employed as "non-exempt" employees, to work off the clock. The Defendant's deliberate failure to pay the Plaintiffs for all hours worked and its deliberate failure to pay the Plaintiffs overtime compensation violates federal law, as set out in the Fair Labor Standards Act. *See* 29 CFR § 541.600 (2014).

## JURISDICTION AND VENUE

3.      This action is brought under the FLSA, 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists under 29 U.S.C. §§ 216(b) and 217, and 28 U.S.C. § 1331. This court has supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue in this Court is proper under 28 U.S.C. § 1391(b).

5.      At all relevant times herein, the Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6.      At all relevant times herein, the Defendant employed and continues to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, the Defendant engaged and continues to engage in commerce by handing, selling,

and/or working on good or materials that have been moved in, or produced for, commerce.

## PARTIES

7.     Plaintiff Demanda Hardy is a resident of Madison County, Alabama over the age of 19 years and performed work for the Defendant in Madison County, which is in the Northern District of Alabama. Hardy is an employee within the contemplation of 29 U.S.C. § 203(e)(1).

8.     Plaintiff Jamal Clark is a resident of Madison County, Alabama over the age of 19 years and performed work for the Defendant in Madison County, which is in the Northern District of Alabama. Clark is an employee within the contemplation of 29 U.S.C. § 203(e)(1).

9.     Plaintiff Rickey Green is a resident of Madison County, Alabama over the age of 19 years and performed work for the Defendant in Madison County, which is in the Northern District of Alabama. Green is an employee within the contemplation of 29 U.S.C. § 203(e)(1).

10.    Defendant Mid-South Bells, LLC is a Delaware limited liability company with its principal place of business in Georgia and doing business in the State of Alabama. Mid-South is engaged in commerce or the production of goods for commerce as contemplated by 29 U.S.C. § 203(s).

## FACTUAL SUMMARY

11.     Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

12.     Mid-South is a franchisee that owns and operates Taco Bell Restaurants in Alabama, Tennessee, and Georgia.

13.     Hardy began work with Mid-South on or about August 2013 and stopped working for Mid-South in October 2014. Hardy worked at this job such that she is owed a regular hourly wage of at least $7.25 to $7.50 per hour and time and a half overtime pay for all hours worked over 40 hours in a workweek. Hardy worked, on average, between 3-5 shifts per week.

14.     Clark began work with Mid-South on or about April 2013 and still works for Mid-South as of the date of the filing of this Complaint. Clark worked at this job such that he is owed a regular hourly wage of at least $8.50 to $8.64 per hour and time and a half overtime pay for all hours worked over 40 hours in a workweek. Clark regularly works approximately 50 hours per week.

15.     Green began work with Mid-South on or about October 2012 and stopped working for Mid-South on or about April 2, 2015. Green worked at this job such that he was owed a regular hourly wage of at least $8.00 to $8.15 per hour and time and a half overtime pay for all hours worked over 40 hours in a workweek. Green regularly worked at approximately 50 hours per week.

16.    At all times, the Plaintiffs worked for Mid-South on a non-exempt hourly wage basis performing duties including, but not limited to, preparing food, cleaning equipment and facilities, and interacting with restaurant customers, all under the supervision of the restaurant's store manager.

17.    Mid-South employed, suffered, and permitted Clark and Green to work for, upon the Plaintiffs' best estimate at this time, approximately 50 hours per week. Mid-South obtained the benefit of the Plaintiffs' labor, but refused to compensate Clark and Green for hours worked after 1:30 a.m. during every closing shift.

18.    Mid-South similarly employed, suffered, and permitted Hardy to work for, upon the Plaintiffs' best estimate at this time, approximately 24–50 hours per week. Mid-South obtained the benefit of the Plaintiffs' labor, but refused to compensate Hardy for hours worked after 1:30 a.m. during every closing shift.

19.    As such, the Plaintiffs were routinely required to work "off the clock." For these unrecorded "off the clock" hours the Plaintiffs were required to work, they received no compensation, much less a proper overtime rate.

20.    Specifically, during a closing shift, the Mid-South restaurant is open until 1:00 a.m. During this shift, employees were expected to serve the remaining customers, clean the restaurant, and then close it for the evening.

21.     During the closing shifts, despite the Plaintiffs staying until 2:45–3:00 a.m. on most occasions to complete their cleaning duties, they were only paid to work until 1:30 a.m. This was done at the direction of Tanya Gentle, Mid-South 's Regional Manager, who was responsible for implementing Mid-South 's policies.

22.     Plaintiffs complained to their superiors, the store manager and Tanya Gentle, on multiple occasions because they were not receiving the correct time and a half overtime pay and minimum wage pay, to no avail.

23.     As a result of Mid-South's practices, the Plaintiffs worked multiple hours every workweek for which they received no compensation whatsoever. Additionally, these hours were never included in the Plaintiffs' "hours worked" per week for overtime purposes.

24.     These violations were known to Tanya Gentle and other agents of Mid-South Bells, LLC and were willful in nature.

## COUNT ONE: Overtime Violations

### *On Behalf of All Plaintiffs*

25.     Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

26.     Mid-South willfully and intentionally failed to record all of the time worked by Plaintiffs. Therefore, Defendant paid them for 40 hours or less in a workweek, during which they actually worked more hours, and did not pay them

an overtime rate or any pay whatsoever for the "off the clock" hours worked. This regular practice thereby denied Plaintiffs of their rightfully earned overtime pay.

27.    Without cause or justification, an employer is obligated to pay a time and a half overtime rate for all hours that he knowingly suffers or permits an employee to work over 40 hours in a workweek. Defendant, at times, failed to record and properly compensate Plaintiffs for hours they actually worked, all in willful violation of the FLSA.

28.    As a result of Mid-South's willful and intentional violation of the FLSA, the Plaintiffs have been damaged, suffering loss of pay.

<u>**COUNT TWO: Minimum Wage Violations**</u>

***On Behalf of Hardy***

29.    Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

30.    Mid-South has refused to comply with the FLSA's minimum wage requirements. Hardy performed hours of work for Mid-South for which she was not paid at all. This work includes, but is not limited to, time Hardy spent working "off the clock" after the restaurant closed and any other times during which she was forced to work, but Mid-South did not pay.

31.    Mid-South owes Hardy the federally set minimum wage for each hour she worked, but for which Mid-South did not pay.

32.    Mid-South's willful violations of the FLSA have caused Hardy to suffer financial damage consisting of loss of pay.

## COUNT THREE: Unjust Enrichment

### *On Behalf of All Plaintiffs*

33.    Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

34.    Mid-South has received and benefited from the uncompensated labors of Plaintiffs, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

35.    At all relevant times hereto, Mid-South devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs without paying any compensation for some hours worked or overtime compensation for all hours worked.

36.    Contrary to all good faith and fair dealing, Defendant induced Plaintiffs to perform work while failing to pay the overtime compensation for all hours worked and, in fact, did not pay them anything for hours worked "off-the-clock."

37.    By reason of having secured the work and efforts of the Plaintiffs without paying overtime compensation, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to

its own benefit and to the detriment of the Plaintiffs. Defendant retained the benefits contrary to the fundamental principles of justice, equity, and good conscience.

38.     Accordingly, the Plaintiffs are entitled to judgment in an amount equal to the benefits unjustly retained by Mid-South.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

A.     The Court issue proper process to compel Mid-South to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiffs, to be paid by Mid-South, the amount of their unpaid wages and unpaid overtime wages, plus an additional equal amount as liquidated damages;

C.     That the Plaintiffs be granted judgment against Mid-South for all reasonable attorneys' fees, costs, disbursements and compensatory damage; and

D.     For such other and further relief as the FLSA dictates and that this Court deems equitable, proper, and just.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by struck jury herein.

Dated this 3rd day of September, 2015.

Respectfully Submitted,

**/s/Charles A. Hardin**
Charles A. Hardin (ASB 9519-R67C)

***Attorney for Plaintiffs***

2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
E-mail: chardin@hardinhughes.com

**OF COUNSEL:**
Kenneth B. Cole, Jr.
**CONCHIN, CLOUD & COLE**
2404 Commerce Court
Huntsville, Alabama 35801
Telephone: (256) 705-7777
Fax: (256) 705-7778
Email: kenny@conchincloudcole.com

Adam P. Plant
**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, AL 35233
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: aplant@battlewinn.com