# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DEMANDA HARDY, JAMAL CLARK, AND RICKEY GREEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NUMBER: ) 5:15-cv-01526-MHH ) |
| MID-SOUTH BELLS, LLC, | ) ) ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF FACTS AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs Demanda Hardy, Jamal Clark, and Rickey Green and Defendant Mid-South Bells, LLC have settled Plaintiffs' claims as set forth in the Confidential Full Releases and Settlement Agreements ("Agreements"), which have been delivered to the Court for *in camera* review and approval under separate cover to preserve the confidentiality of the Agreements. The Parties submit the following stipulation of facts to support their request for Court approval pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 et seq. ("FLSA"). The Parties request that the Court enter an Order approving the Agreements and dismissing the case in its entirety with prejudice, with each Party to bear their own costs (See Proposed Order of Dismissal attached as Exhibit A).

As grounds for the Court's approval of the Agreement, the Parties stipulate as follows:

1. Plaintiffs originally filed their Complaint against Defendant in this Court on September 3, 2015 (Doc. 1), alleging FLSA unpaid wage and overtime claims as well as an Alabama common law unjust enrichment claim. Defendant filed its Answer denying Plaintiffs' claims on October 13, 2015. (Doc. 5)

2. Following service of the Complaint, the Parties met to conduct their Rule 26 Parties' Planning Meeting on November 23, 2015, and began discussing the alleged and disputed facts and the possibility of settling the Plaintiffs' claims. These discussions continued through the exchange of the Parties' Initial Rule 26 Disclosures, which included Defendant's production of payroll and time records for each Plaintiff, and culminated on April 19, 2016, in an agreement on the monetary aspects of the Settlement Agreements. The monetary settlement demand for each Plaintiff was supported by Plaintiffs' counsel's calculations based upon the pay history and time records for each Plaintiff, and included any applicable claim for unpaid wages, overtime, liquidated damages, as well as unjust enrichment. The Parties then prepared and agreed upon the written Settlement Agreements, which all Parties have executed.

3. The Parties represent that as a result of these settlements, Defendant will pay Plaintiffs an amount representing 100% of their claimed and disputed

unpaid wages, overtime wages, liquidated damages, and unjust enrichment damages. Each Plaintiff executed a Declaration, which is attached to each of their Agreements, in which they confirmed that they reviewed their payroll and time records and agreed that the settlement amounts they received fully compensated them for any and all damages they could have recovered. (*See* Declarations at ¶¶ 5-7) The Parties further represent that the settlement amount for each Plaintiff includes a reasonable attorneys' fee to Plaintiffs' counsel for the work performed on the behalf of each Plaintiff in this case. As demonstrated by the fact that Defendant has agreed to pay 100% of the Plaintiffs' claimed and disputed unpaid wages, overtime wages, liquidated damages, and unjust enrichment damages, the Parties' arms' length negotiation of the claimed attorneys' fees and costs did not adversely affect the settlement amount to be paid each Plaintiff.

4. The Parties stipulate that they had a bona fide dispute regarding whether claimed unpaid wages and overtime were owed because there existed disputed issues of fact regarding the claimed hours worked by each Plaintiff. The Parties, therefore, agreed to resolve the matter at this stage in order to avoid the cost, time, and uncertainty involved in litigating the issues of liability, liquidated damages, willfulness, and fees and expenses.

5. Because the Plaintiffs asserted an Alabama common law claim of unjust enrichment in addition to FLSA claims, the Parties' agreed upon full release

and confidential settlement agreement is permissible. *See, e.g., Glaster v. Elso Landmark Residential Management, LLC*, 2015 WL 1530637, *2 (N.D. Ala. April 6, 2015) (where this Court approved a full release and confidentiality provision where the plaintiffs asserted state law claims in addition to FLSA claims). The Parties submit that good cause supporting the confidentiality agreements is also present because this is an isolated case and the Plaintiffs' claims arose while working for a supervisor who no longer works for Defendant. *See, e.g., King v. MS Companies, LLC d/b/a ABC Employment Holdings, LLC*, 2015 WL 365649 (N.D. Ala. June 12, 2015) (where this Court approved confidentiality provisions in an FLSA settlement because it was an isolated case involving only three employees and the managers involved in the payment dispute had left the company).

6. The Parties stipulate that no party is prejudiced by the settlement of Plaintiffs' claims.

WHEREFORE, Plaintiffs and Defendant respectfully request that this Court accept and approve the Agreements and enter an Order approving the Agreements and dismissing the case in its entirety with prejudice and with each party to bear their own costs.

## MEMORANDUM OF LAW

Under the FLSA, binding settlements of back wage and liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009). In detailing the reasons for court approval, the Eleventh Circuit has reasoned as follows:

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. *If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.*

*Lynn's Food Stores* at 1354 (emphasis supplied).

### A.   The Settlement Agreements are "Fair and Reasonable."

The Parties agree that the circumstances surrounding the settlement of Plaintiffs' claims are fair and equitable and satisfy the statutory wage payment requirements of the FLSA. The Parties further agree that a settlement reached in

5

litigation is more likely a reasonable compromise over statutory rights than a waiver of such rights.

The Agreements in this case resulted from extended negotiation whereby all Parties were represented by counsel. Defendant provided Plaintiffs with records containing their payroll history and hours worked during the relevant time period for their review and to allow for an accurate calculation of claimed damages. Based upon this information, the Parties agreed upon the possible wage exposure if Plaintiffs were the prevailing parties in this case. The Parties subsequently negotiated a settlement which provides 100% of Plaintiffs claimed and disputed unpaid wages, overtime wages, liquidated damages, and unjust enrichment damages, and a reasonable attorneys' fee to Plaintiff's counsel for their work on this matter. Both Defendant and Plaintiffs understand the terms of the settlement and attest to the reasonableness of such terms.

**B.     The Settlement Agreement Reflects the Resolution of a Bona Fide Dispute Between the Parties.**

At the initiation of this litigation, there existed a bona fide dispute between the Parties as to the claimed hours worked by Plaintiffs and Defendant's compliance with the FLSA. Specifically, Plaintiffs contended that Defendant failed to properly pay them straight wages and overtime for hours worked pursuant to the FLSA, and Defendant asserted that it did properly pay them for all such

hours worked pursuant to the FLSA. Thus, the Parties have demonstrated that the settlement is a fair and reasonable means by which to amicably settle a bona fide dispute in a litigated proceeding.

### C. Conclusion

For the foregoing reasons, the Parties jointly request that the Court enter an Order approving the Agreements and dismissing this action in its entirety with prejudice, with each party to bear their own costs.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT DAVID L. WARREN, JR. WILL E-FILE THE FOREGOING *JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF FACTS AND SUPPORTING MEMORANDUM OF LAW*.

Respectfully submitted this 11th day of July, 2016.

| | |
|---|---|
| /s/ Charles A. Hardin | /s/ David L. Warren, Jr. |
| Hardin & Hughes, LLP<br>2121 14th Street<br>Tuscaloosa, AL 35401<br>Telephone: (205) 344-6690<br>Facsimile: (205) 344-6188<br>chardin@hardinhughes.com | Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C.<br>420 Twentieth Street North, Suite 1900<br>Birmingham, AL 35203-3212<br>Telephone: (205) 328-1900<br>Facsimile: (205) 328-6000<br>david.warren@ogletreedeakins.com |
| ATTORNEY FOR PLAINTIFFS | ATTORNEY FOR DEFENDANT |

Adam P. Plant
Battle & Winn LLP
2901 Second Avenue South, Suite 220
Birmingham, AL 35233
Telephone: (205) 397-8160
Facsimile: (205) 705-7778
aplant@battlewinn.com

Kenneth B. Cole, Jr.
Conchin, Cloud & Cole
2404 Commerce Court
Huntsville, AL 35801
Telephone: (256) 705-7777
Facsimile: (256) 705-7778
kenny@conchincloudcole.com

OF COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that on July 11, 2016, I electronically filed the foregoing *Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles A. Hardin<br>Hardin & Hughes LLP<br>2121 14th Street<br>Tuscaloosa, AL 35401 | Kenneth B. Cole, Jr.<br>Conchin, Cloud & Cole<br>2404 Commerce Court<br>Huntsville, AL 35801 |

Adam P. Plant
Battle & Winn LLP
2901 Second Avenue South, Suite 220
Birmingham, AL 35233

                                       /s/ David L. Warren, Jr.
                                       Of Counsel

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DEMANDA HARDY, JAMAL CLARK, AND RICKEY GREEN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| MID-SOUTH BELLS, LLC, | ) ) ) |
| Defendant. | ) |

CIVIL ACTION NUMBER:
5:15-cv-01526-MHH

## JOINT PROPOSED ORDER OF DISMISSAL

THIS CAUSE coming on the Joint Motion For Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law filed by the Parties to this Action, and the Court, having reviewed this Joint Motion as well as the Confidential Full Releases and Settlement Agreements ("Agreements") referenced therein, approves the Agreements as fair and reasonable resolutions to bona fide and litigated disputes arising under the Fair Labor Standards Act, and finds that the Agreements resolve all disputed facts and law between the parties in this action. The Court, therefore, further finds that pursuant to Federal Rule of Civil Procedure 41(a)(2), the Plaintiffs' Complaint is due to be DISMISSED WITH PREJUDICE as to Defendant. It is therefore:

ORDERED that Plaintiffs' Complaint is hereby dismissed WITH PREJUDICE as to Defendant, and it is further

ORDERED that each party shall bear their own costs.

DONE and ORDERED this the _____ day of July, 2016.

_____
Honorable Madeline Hughes Haikala
United States District Judge